1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7    DONNA McMILLIAN,                                    Case No.2:23-CV-571  JCM (MDC)

8                                    Plaintiff(s),                      ORDER

9          v.

10    DOLGEN MIDWEST, LLC, d/b/a DOLLAR
      GENERAL 13455,
11
12                                    Defendant(s).

13          Presently before the court is Dolgen Midwest, LLC's motion for summary judgment. (ECF
14
No. 21).  Plaintiff Donna McMillian filed a response (ECF No. 22), to which defendant replied.
15
16    (ECF No. 24).

17    **I.    Background**

18          This action arises out of a slip and fall.  Plaintiff alleges that she slipped, fell, and was
19
injured at a Dollar General store.  (*See* ECF No. 1-2).  Specifically, she alleges that the spill was
20
21    caused by another customer who opened a can and spilled an oily substance.  (*See id.*; *see* ECF
22    No. 22).  There were no witnesses to the incident.  (ECF No. 21 at 2).  Moreover, the aisle where
23    the incident took place was outside the view of any surveillance cameras.  (ECF No. 22 at 2).

24          Plaintiff's complaint alleges two causes of action: (1) negligence and (2) negligent hiring,
25
supervision, and retention.  (ECF No. 1-2).  Defendant moves for summary judgment as to both of
26
27    plaintiff's claims.  (ECF No. 21).

28    . . .

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Information may be considered at the summary judgment stage if it would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In considering evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  Rather, it draws all inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.    Discussion**

Defendant moves for summary judgment as to both of plaintiff's claims. (*See* ECF No. 21). First, defendant argues that summary judgment is appropriate because plaintiff cannot establish that a genuine issue for trial remains regarding her claim for negligence. (*Id.*).

A.  Negligence

"It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (2009) (citing *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (2008)). Questions of negligence and proximate cause are typically questions of fact. *Shepard v. Harrison*, 678 P.2d 670, 672 (1984); *see Nehls v. Leonard*, 630 P.2d 258, 260 (1981).

Defendant argues that plaintiff lacks evidence to support any theory of premise liability.

- 3 -

(ECF No. 21 at 8).  Plaintiff opposes, arguing that there remains a genuine issue for trial as to whether defendant had constructive notice of the hazard she slipped on.  (ECF No. 22 at 11).

Plaintiff can establish a breach of duty owed to her by proving that defendant or one of its agents caused a substance to be on the floor.  *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (1964); *Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 175 (1962).  Alternatively, if the foreign substance was the result of the actions of a person other than defendant, plaintiff must prove that defendant had actual or constructive notice of the condition and failed to remedy it.  *Asmussen,* 392 P.2d at 50; *Eldorado Club,* 78 Nev. at 510, 377 P.2d at 175.  Here, plaintiff relies on a constructive notice theory.  (ECF No. 22 at 11-12).

1.  Plaintiff fails to provide sufficient evidence of constructive notice.

"Whether [defendant] was under constructive notice of the hazardous condition is, in accordance with the general rule, a question of fact properly left for the jury."  *Sprague v. Lucky Stores*, 849 P.2d 320, 323 (1993).  However, to survive summary judgment, plaintiff must offer proof that defendant "had constructive notice of the hazardous condition" in its store.  *Id.*

To meet this burden, plaintiff must present evidence showing that the hazard is a "virtually continual" condition.  *Id.*  In *Sprague*, a customer slipped and fell on a grape in the produce section of the supermarket.  *Id.*  The court found that a reasonable jury could conclude that the presence of virtually continual debris on the floor put defendant on constructive notice.  *Id.*

Here, plaintiff has failed to provide evidence that the area where she fell contained a hazard that is a virtually continual condition.  *See id.*  Defendant's employees testified that theft of merchandise, specifically items being eaten in the store, was a common occurrence.  (ECF No. 22 at 15).  However, plaintiff fails to show how this behavior creates an ongoing hazardous condition.

The fact that merchandise was stolen does not imply a continuous presence of spills or slip

1  hazards, given only seven slip-and-fall incidents occurred at the store over the previous five years.

2  Therefore, plaintiff fails to establish that the area in which she slipped contained a virtually

3  continual condition.

4

5      Alternatively, plaintiff argues that defendant may be held liable pursuant to the mode of

6  operation theory.  (*Id*. at 12).  "[W]here an owner's chosen mode of operation makes it reasonably

7  foreseeable that a dangerous condition will occur, a store owner could be held liable for injuries to

8  an invitee if the plaintiff proves that the store owner failed to take all reasonable precautions

9  necessary to protect invitees from these foreseeable dangerous conditions*." FGA, Inc. v. Giglio*,

10  128 Nev. 271, 281 (2012) (quoting *Sheehan v. Roche Bros. Supermarkets*, 863 N.E.2d 1276, 1283

11  (2007)).

12

13      Pursuant to the mode of operation approach—as a cost-saving measure—a business owner

14  has customers perform tasks traditionally performed by employees.  *Id.*  Here, "the [plaintiff's]

15  burden to prove notice is not eliminated.  Instead, the plaintiff satisfies the notice requirement if

16  he establishes that an injury was attributable to a reasonably foreseeable dangerous condition on

17  the owner's premises that is related to the owner's self-service mode of operation."  *Id*.

18

19      Plaintiff contends that the mode of operation theory applies in this case because "Dollar

20  General is a self-service store where the customers, rather than the employees, retrieve their items

21  from the shelves and bring them to the front registers for purchase."  (ECF No. 22 at 13).  This

22  argument is unavailing.  Gathering items from store aisles is not a task traditionally performed by

23  employees, and thus does not support the application of the mode of operation theory.

24

25      Plaintiff further argues that defendant failed to keep its premises in a reasonably safe

26  condition and that a reasonable inspection was not conducted.  (*Id*. at 15).  The district courts have

27  been divided in rulings on the constructive notice standard at the summary judgment stage.  *See*

28

- 5 -

1
2
3
4
5
6
7

*Salazar v. Target Corp.*, No. 2:18-CV-01039-MMD-EJY, 2019 WL 5963995, at *2 (D. Nev. Nov. 13, 2019) (holding that an issue of material fact exists for constructive notice where defendant failed to inspect the floor); *see Rios v. Dollar Gen. Mkt. & Dolgen Midwest, LLC*, No. 2:15-CV-02056-JAD-VCF, 2017 WL 3749495, at *3 (D. Nev. Aug. 29, 2017) (holding that evidence regarding lack of inspection or length of time hazard was present does not satisfy the Nevada standard for constructive notice).

8
9
10
11
12

   A federal court sitting in diversity is bound by *Nevada* Supreme Court precedent, and in its absence, must predict how the *Nevada* Supreme Court would rule using lower appellate decisions and other guidance. *McKown v. Simon Prop. Group, Inc.*, 689 F.3d 1086, 1091 (9th Cir. 2012).[1]

13
14
15
16

   This court agrees with *Rios*: evidence showing an inadequate inspection, or that a hazard was present for a significant amount of time does not satisfy Nevada's constructive notice standard. 2017 WL 3749495, at *3.  Holding otherwise would render *Sprague's* standard meaningless.

17
18
19
20
21
22
23

   Allowing constructive notice to be established based on a substance remaining on the floor for just over two minutes sets an unreasonably low bar.  *See Rios v. Walmart Inc.*, 740 F. App'x 582, 583 (9th Cir. 2018) (holding that a reasonable jury could have found constructive notice where a spill was present for at least two minutes and twelve seconds).  Applying such a low threshold would undermine the constructive notice standard established in *Sprague* because any brief presence of a substance could be deemed sufficient to impose liability.

24
25
26

   Moreover, permitting allegations that store policies were improper or poorly executed to satisfy the constructive notice requirement allows plaintiffs to survive summary judgment merely

27
28

_____

   [1]  Most recently, the Nevada Supreme Court held that evidence showing it was common for ice to spill in and around an ice machine room was sufficient to establish constructive notice. *Harrah's Las Vegas v. Muckridge*, 473 P.3d 1020 (2020).

1    by questioning the adequacy of those policies, despite the absence of any uniform legal standard

2    governing them.  *See Sosa Guzman v. Costco Wholesale Corp.*, No. 2:22-CV-02070-CDS-BNW,

3    2024 WL 4406915, at *4 (D. Nev. Aug. 23, 2024).

4

5            Here, plaintiff fails to offer any analysis or authority supporting her contention that the

6    Supreme Court of Nevada would depart from the *Sprague* standard for constructive notice under

7    the facts of this case.  Accordingly, defendant's motion for summary judgment as to plaintiff's

8    negligence cause of action is granted because she has failed to present evidence establishing

9    constructive notice under Nevada law.[2]

10

11            B.  Negligent hiring, supervision, and retention

12           Defendant also moves for summary judgment as to plaintiff's negligent hiring, supervision,

13   and retention claim.  (*See* ECF No. 1, Ex. 2).  An employer has a duty to use reasonable care in

14   the training, supervision, and retention of his or her employees to ensure that the employees are fit

15   for their positions.  *Hall v. SSF, Inc.*, 930 P.2d 94, 99 (1996).

16

17           To establish a claim for negligent hiring, training, retention, or supervision of employees,

18   a plaintiff must show (1) a duty of care defendant owed the plaintiff; (2) breach of that duty by

19   hiring, training, retaining, and/or supervising an employee even though defendant knew, or should

20   have known, of the employee's dangerous propensities; (3) the breach was the cause of plaintiff's

21   injuries; and (4) damages.  *Freeman Expositions, LLC v. Eighth Judicial Dist. Court,* 520 P.3d

22   803, 811 (2022).

23

24           A claim for negligent hiring requires identifying a specific employee who was unfit for

25   their position and whose unfitness caused the plaintiff's injury, rather than merely pointing to

26

27   _____

28        [2] Moreover, the court need not address the issue of causation because the negligence cause
     of action fails on the notice element.

deviations from internal policies. *Hall,* 112 Nev. 1384, 930 P.2d at 99. Here, plaintiff fails to offer evidence or allege that any Dollar General employee exhibited dangerous propensities, which defendant knew or should have known about. Summary judgement is therefore appropriate.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Dolgen Midwest, LLC's motion for summary judgment (ECF No. 21) be, and the same hereby is, GRANTED IN FULL. As no claims remain, the clerk of the court is instructed to close this case.

DATED July 10, 2025.

_____
UNITED STATES DISTRICT JUDGE